UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MAINE

---------------------------------------------------------x
ELAINE CHAO,
  Secretary of the United                :
  States Department of Labor,

                                       :

               Plaintiff,

                                       :         CIV. ACTION NO. 06-55-B-W
  v.
                                       :

ROBERT MONTGOMERY,

              Defendant.       :
---------------------------------------------------------x

## CONSENT JUDGMENT AND ORDER

      Defendant Robert Montgomery and Plaintiff Elaine Chao, Secretary of Labor, United States Department of Labor (the "Department"), have agreed to resolve all matters in controversy in this action (except for assessment by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. Section 1132(c) and (l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

      Defendant has waived the requirements of Federal Rule of Civil Procedure 4 as to service of summons upon him and has acknowledged receipt of Plaintiff's Complaint. Defendant does not intend to answer the Complaint, but instead consents to this Judgment and the entry of an Order.

      Defendant Montgomery has cooperated fully with the investigation and resolution of the Department's claims.

      Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

1

WHEREAS, Defendant and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant Montgomery is hereby permanently enjoined from the date of entry of this Judgment from engaging in any action in violation of the provisions of §§ 404 and 406 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1104 and 1106.

2. Defendant Montgomery is hereby enjoined for a period of five (5) years following the date of entry of this Judgment from acting in a fiduciary capacity within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), including but not limited to refraining from serving as a Trustee or Administrator with respect to any ERISA-covered employee benefit plan in the future, except with regard to depositing the funds detailed in Appendix A, annexed hereto, into an interest-bearing account for the benefit of the Plan Participants of ERISA-covered Plans serviced by Montgomery and Payroll Benefits, Inc. (collectively, the "Participants") and making distributions from that account in accordance with the terms set forth in Appendix A.

3. Defendant Montgomery shall pay or cause to be paid, in the manner set forth in Appendix A, Restitution in the amount of $125,012.46 for the benefit of the Participants.

4. In the event Defendant Montgomery files bankruptcy in the future, Plaintiff and Defendant Montgomery have agreed that, given the activities set forth in Paragraphs 35-40 of the Complaint in this proceeding, the Restitution set forth in paragraph three (3) above represents a debt owed on account of his defalcation in a fiduciary capacity, and is therefore a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

5. Defendant Montgomery acknowledges that the Department's agreement to the payment schedule set forth in Appendix A to this document is expressly predicated and contingent on the veracity and completeness of the financial information submitted by Defendant Montgomery to the Employee Benefits Security Administration ("EBSA"). In the event of any material

misstatement or omission in any such documents, the Department shall have the right to seek immediate payment of the full amount of the Judgment, including the Restitution, as well as the right to seek any other sanctions which are appropriate.

6. Each party shall bear its own fees, costs and expenses in connection with this action, and Defendant waives any right he might have under the Equal Access to Justice Act.

7. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

8. The parties understand that nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS 4th DAY OF May, 2006.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Defendant Robert Montgomery hereby moves for entry of this Judgment:

| | |
|---|---|
| */s/ Robert J. Montgomery* | Dated: 4/29/06 |
| By:     Robert J. Montgomery | |

Plaintiff Elaine Chao, Secretary of the United States Department of Labor, hereby moves for entry of this Judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

| | |
|---|---|
| */s/ Kelly M. Lawson* | Dated: 5/3/06 |
| Kelly M. Lawson, Esq. | |

U.S. Department of Labor
Attorneys for Plaintiff

*Post Office Address*:
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
Tel:  (617) 565-2500
Fax:  (617) 565-2142

4